IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                               **Case No. 12-40004-01-RDR**

CHAD RANDALL ANDERSON,

           Defendant.

### MEMORANDUM AND ORDER

Defendant, Chad Anderson, is charged with illegal possession of a firearm. The firearm was found during a search of defendant's residence pursuant to a search warrant for drug paraphernalia. Defendant contends that the information to support that search warrant derived from the execution of an earlier search warrant issued on November 30, 2011 and executed on December 1, 2011. Defendant claims that the November 30, 2011 search warrant was not supported by probable cause and was based upon an affidavit containing false statements and material omissions. These are the <u>primary</u> arguments made in defendant's motion to suppress the evidence found during the execution of the later search warrant, although defendant has mentioned other contentions during the course of litigating his motion to suppress. The court conducted an evidentiary hearing upon the motion and is now prepared to rule.

I.   <u>Factual background</u>

The November 30, 2011 search warrant was issued for a home

located at 204 W. Robson Road in Saline County, Kansas. This was defendant's residence.[1] The warrant authorized a search of that location for: a red Farmall tractor; a red tractor back wheel hub; a red cast iron tractor weight; and any Farmall tractor parts or accessories.

The search warrant was issued on the basis of an affidavit from Matt Fischer, an investigator with the Saline County Sheriff's Office. This affidavit stated that Daniel Diederich made a report on November 22, 2011 that an antique Farmall tractor he owned which had been stored in a Morton building in Saline County had been almost completely disassembled and that parts and accessories were missing. Diederich had last seen the tractor in March 2011. On November 28, 2011, an anonymous reporting party informed Deputy Henry of the Sheriff's Office that defendant Anderson had fixed up an old junked tractor within the last month and had it up and running with what looked like new tires and tractor wheels and other newer parts. The anonymous source thought the tractor was parked in Anderson's driveway.

The affidavit states that a Detective Sweeney went to Anderson's address but did not see a tractor in the driveway or anywhere in plain view. He did, however, see what appeared to be "2 pieces of red tractor parts." Detective Sweeney took pictures

---

[1] For convenience, in this order the court shall refer to the Robson Road address as defendant's property. The evidence suggests that defendant lived at that address but did not own the property.

of the tractor parts and checked with a consultant who told him that the parts were a back wheel hub and tractor weight "that probably came from a Farmall tractor."

According to the affidavit, Rhonda Albrecht told the Sheriff's Office that she had taken photos of the tractor in Anderson's driveway on November 24, 2011 while she was visiting relatives for Thanksgiving. The photos appeared to be of a Farmall tractor. These photos were shown to Dan Diederich who, as recounted in the affidavit, "immediately said, 'That's it, that's exactly what my tractor looked like right there.'"

The following day (December 1, 2011), Fischer went before the same judge who issued the warrant on November 30, 2011 to ask for a warrant to search a residence located at 5929 North Old 81 Highway, Saline County, Kansas. The residence belonged to Dennis Erickson, who was known by Fischer to be a friend of defendant Anderson. The affidavit, however, did not mention Dennis Erickson by name or list the owner of 5929 North Old 81 Highway. This address was close to, but not quite adjoining, defendant Anderson's address. The affidavit for the search warrant stated that the locations were "next to each other." All of the substantive paragraphs of Fischer's affidavit for the November 30, 2011 search warrant were included in the affidavit for the December 1, 2011 search warrant. In addition, Fischer stated that he and another officer were on the property of 6001 North Old 81 Highway on

3

December 1, 2011 and saw a red Farmall Model H tractor parked next to an outbuilding located at 5929 North Old 81 Highway.  Fischer also stated that Daniel Diederich contacted him on November 30, 2011 and reported that a riding lawn mower and a utility trailer had also been taken from the location where the tractor had been stored.  Fischer asked for a warrant to look for:  a red Farmall tractor; any Farmall tractor parts or accessories; a red utility trailer; and a green John Deere riding lawn mower.  Fischer did not mention that the search warrant issued on November 30, 2011 had not been executed but that officers still intended to execute it.

According to Fischer's testimony before this court, the decision to apply for a warrant for Erickson's residence was made after officers, while doing pre-raid search warrant surveillance on defendant's property, saw a utility trailer and an antique Farmall tractor on Erickson's property.  Fischer testified that it was a mistake by him not to tell the judge with reference to the November 30, 2011 warrant that the tractor was spotted at Erickson's address, not defendant Anderson's property.  But he insisted that the information in the affidavit for the warrant was still accurate and that the officers still intended to look for tractor parts on Anderson's property.  Witnesses who supplied information which was used for the November 30, 2011 search warrant affidavit testified to the court that the affidavit accurately summarized the information they provided.

The November 30, 2011 warrant for defendant Anderson's property and the December 1, 2011 warrant for Erickson's property were executed at approximately the same time. The tractor was found on Erickson's property. Two red Farmall tractor weights were found on defendant's property.

II. Defendant has not proven a Franks violation

Under case law developed pursuant to Franks v. Delaware, 438 U.S. 154 (1978), evidence discovered pursuant to a search warrant may be excluded when "(1) a defendant proves by a preponderance of the evidence 'the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) . . . after excising such false statements and considering such material omissions . . . [we conclude] the corrected affidavit does not support a finding of probable cause.'" U.S. v. Campbell, 603 F.3d 1218, 1228 (10th Cir.) cert. denied, 131 S.Ct. 351 (2010) (quoting U.S. v. Garcia-Zambrano, 530 F.3d 1249, 1254 (10th Cir. 2008)).

In this case, defendant has not proven by a preponderance of the evidence that Matt Fischer knowingly or recklessly included a false statement in or omitted material information from the affidavit for the November 30, 2011 search warrant. While defendant asserts that Fischer failed to tell the issuing judge that the tractor was observed on Erickson's property, this observation was not made until after the search warrant was issued.

5

So, the omission was not knowingly or recklessly made at the time Fischer applied for the search warrant.

Assuming that Fischer had a duty to return to the issuing judge prior to executing the November 30, 2011 warrant once he observed the tractor on Erickson's property, the court does not believe Fischer's failure to do so constitutes a knowing or reckless action designed to obtain a warrant without probable cause. After all, Fischer returned to the same judge with an affidavit for the December 1, 2011 search warrant, which described the observation of the tractor on Erickson's property in addition to the same substantive allegations from the affidavit to search defendant's property. This does not appear to be the action of an officer who was intentionally or recklessly deceiving a judge. Moreover, Fischer was justified in thinking that probable cause remained to conclude that stolen tractor parts (another express object of the search warrant) were present on defendant's property. An anonymous reporting party (who was known to an officer of the Sheriff's Department) stated that defendant had fixed up an old tractor within the last month and was seen driving the tractor. Some days before the warrant application, pictures of the tractor on defendant's property were taken and pictures were taken of tractor parts on defendant's property. A consultant said the parts probably came from a Farmall tractor. "Probable cause" requires "a fair probability that . . . evidence of a crime will be found in a

6

particular place." U.S. v. Cooper, 654 F.3d 1104, 1124 (10th Cir. 2011) (interior quotation omitted). The information in the search warrant application supplied probable cause to believe that tractor parts connected to the stolen tractor would be found on defendant's property, even if it was also represented that the tractor itself was located near defendant's property at the residence of defendant's friend.

This conclusion leads this court to find that suppression of evidence obtained by reason of the search warrant is not appropriate, first because Fischer and his fellow officers did not act with intentional or reckless disregard for the truth, and second because an affidavit which contained the information regarding the location of the tractor would still support a finding of probable cause to search for tractor parts on defendant's property. The court is mindful that defendant also asserts that Fischer misrepresented that the two properties were "next to each other" when they were merely close to each other,[2] and that he omitted telling the judge when applying for the December 1, 2011 search warrant that the November 30, 2011 search warrant had not yet been executed. The court does not believe these are material

---

[2] This statement was made in the affidavit for a search warrant for Erickson's property. Thus, it is not directly relevant to the search of defendant's property. If defendant is arguing that the statement is evidence of a general effort to deceive the judge during the investigation, the court rejects this contention. The two properties were sufficiently close to each other that the statement is not materially misleading.

7

omissions which would have altered the conclusion that probable cause existed to search for tractor parts on defendant's property. Nor does the court believe those omissions were made recklessly or with an intent to deceive.

Defendant also argues that Fischer falsely represented in the search warrant affidavit that Diederich said upon seeing photos of the tractor: "That's it, that's exactly what my tractor looked like right there." This statement was allegedly made to Detective Sweeney, who no longer works for the Sheriff's Department. He testified that the statement was accurately listed in the search warrant affidavit. So, defendant's argument does not persuade the court that Fischer made a false representation in the search warrant application. Defendant further argues that the court should enforce a subpoena issued for Diederich's testimony in this matter. The court shall decline to do so. While the court does not wish to encourage avoidance of subpoenas, there is no indication at this point that Diederich would give testimony that would advance defendant's arguments at all. Further pursuit down this road would be unproductive.

Defendant closes his post-hearing brief by making inferences from the testimony before the court that Fischer and the other officers involved in the investigation knew the tractor would be found at Erickson's residence before Fischer made application for the November 30, 2011 search warrant for defendant's property.

8

Defendant asserts that Fischer's testimony to the contrary is "too convenient to be credible." Doc. No. 30 at p. 7. The inferences defendant draws from the evidence are not supported by the court's assessment of the preponderance of the evidence and the credibility of the witnesses. Therefore, defendant's closing point regarding his Franks challenge to the November 30, 2011 search warrant shall be rejected.

III. The information provided for the search warrant was not too stale to supply probable cause to search defendant's residence for tractor parts

Defendant argues in his post-hearing brief that the observation of tractor parts on defendant's property constituted stale information. Pictures of the parts were taken on November 28, 2011. The warrant was applied for on November 30, 2011 and executed the next day. We do not believe the lapse of time made the information stale. See U.S. v. LaMorie, 100 F.3d 547, 554-55 (8th Cir. 1996) (two-week period between observation of stolen property in trailer and application for search warrant did not make information stale); U.S. v. Marbury, 732 F.2d 390, 397 n. 7 (5th Cir. 1984) (25-day delay between sighting of stolen truck and trailer and execution of search warrant did not render information stale); U.S. v. Golay, 502 F.2d 182, 187 n. 10 (8th Cir. 1974) (observation of stolen diamonds in hotel room 16 days before issuance of warrant is not stale). The determination of whether information is stale depends on the nature of the crime and the

9

length of the criminal activity. U.S. v. Myers, 106 F.3d 936, 939 (10th Cir.) cert. denied, 520 U.S. 1270 (1997). A stolen antique tractor part, such as a cast iron tractor weight, does not appear to the court to be an item that is readily fenced or dispatched. Moreover, when the tractor parts were observed they were not in near proximity to the tractor. So, it may be inferred that the parts did not necessarily travel with the tractor. Given this information and the short period of time which elapsed between the photos and the application for the search warrant, the court concludes that the information was not stale.

IV. The good faith doctrine also applies to support a denial of the motion to suppress evidence

As noted in the previous sections of this opinion, the court believes that probable cause supports the issuance of the November 30, 2011 search warrant for defendant's property. If probable cause for the search warrant was lacking, the court would still find that defendant's motion to suppress should be denied because the officers reasonably relied upon the search warrant for authority to conduct their search the following day. U.S. v. Leon, 468 U.S. 897, 922-23 (1984); see also U.S. v. Nolan, 199 F.3d 1180, 1184 (10th Cir. 1999)("Where an officer acting with objective good faith obtains a search warrant from a detached and neutral magistrate and the executing officers act within its scope, there is nothing to deter."); U.S. v. Corral-Corral, 899 F.2d 927, 939 (10th Cir. 1990)("Just as reviewing courts give 'great deference'

to the decisions of judicial officers who make probable-cause determinations, police officers should be entitled to rely upon the probable-cause determination of a neutral magistrate when defending an attack on their good faith for either seeking or executing a warrant."). In the court's prior discussion, the court has rejected defendant's grounds for disallowing the good faith exception in this case.

V. Procedural violations do not warrant suppression in this case.

Finally, defendant has argued that officers failed to comply with statutory or procedural requirements regarding filing the return of the search warrant. A procedural violation is not evident to the court on this record. Moreover, the court is not persuaded that defendant has suffered prejudice to his interests or there has been prejudice to the interests of justice. There is also no indication that the alleged violation was intentional or deliberate. Under these circumstances, the court does not find that the exclusionary rule should be applied. See U.S. v. Simons, 206 F.3d 392, 403 (4th Cir. 2000) (finding that failure to provide defendant with a copy of the search warrant or receipt for items seized does not render search unreasonable under the Fourth Amendment, but remanding to determine whether violation of Rule 41 was deliberate or intentional); U.S. v. Burke, 517 F.2d 377, 386-87 (2d Cir. 1975) (violations of Rule 41 should not require exclusion of evidence unless there was prejudice or there is proof of

11

intentional and deliberate disregard of the Rule).

VI. <u>Conclusion</u>

The court believes defendant has failed to demonstrate that the exclusionary rule should apply in this case under <u>Franks</u>. The court finds that probable cause supports the search warrant for defendant's property and that the good faith exception to the exclusionary rule would apply if probable cause was lacking. The court has considered the various arguments defendant has made to suppress evidence in this matter and rejects them as lacking a sufficient factual and/or legal basis. Defendant's motion to suppress (Doc. No. 13) is therefore denied.

**IT IS SO ORDERED.**

Dated this 21st day of August, 2012 at Topeka, Kansas.

                                  s/Richard D. Rogers
                                  United States District Judge